# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD J. NICHOLAS,            )
    Plaintiff,                        )
                                 )
vs.                                              )   C.A. No. 06-219 Erie
                                 )   District Judge McLaughlin
AMERICAN DETECTIVE ACAD., et al, )   Magistrate Judge Baxter
    Defendants.                    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's complaint be dismissed without prejudice to Plaintiff's right to pay the filing fee of $350.00 before October 20, 2006.

**II.    REPORT**

Plaintiff, an inmate incarcerated at the State Correctional Institution at Albion, presented this civil rights complaint, along with a request for leave to proceed in forma pauperis.

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff has been a prolific advocate in this federal court. At least three of Plaintiff's prior lawsuits have been dismissed as legally frivolous: Civil Actions Numbers 06-98Erie, 06-112Erie, and 06-201Erie, all filed in the United States District Court for the Western District of Pennsylvania.

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury." Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger). Plaintiff has not alleged such imminent danger.

Accordingly, Plaintiff must pay the full filing fee before October 20, 2006, or risk dismissal of this action.

### III.    CONCLUSION

Because of these prior dismissals, and because Plaintiff has not alleged that he is in imminent danger of serious physical injury, it is recommended that the complaint be dismissed without prejudice to Plaintiff's right to pay the full filing fee of $350.00 to the Clerk of Courts before October 20, 2006.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

        S/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        Chief United States Magistrate Judge

Dated: October 2, 2006